UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAEL MOSCATO, | )<br>) |
| Plaintiff | )<br>) |
| v. | ) **Case No.:**<br>) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) **COMPLAINT AND DEMAND FOR**<br>) **JURY TRIAL**<br>) |
| Defendant | ) **(Unlawful Debt Collection Practices)**<br>) |

## COMPLAINT

MICHAEL MOSCATO ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Tennessee and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Fayetteville Tennessee.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. The primary purpose of Defendant's business is debt collection.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in or around February 2017, and continuing through February 2018, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's home telephone number.

14. Soon after the calls began, Plaintiff sent written correspondence to Defendant requesting that it cease communications. See Exhibit "A".

15. However, Defendant continued to place calls to Plaintiff through February 2018.

16. During this time, Defendant has called Plaintiff at inconvenient times, including before 8:00 a.m. and after 9:00 p.m.

17. Defendant's actions as described herein were made with the intent to harass, abuse, upset, inconvenience, and coerce payment from Plaintiff.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

18. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

19. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

20. Defendant violated §§ 1692d and 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff and when it continued calling Plaintiff's home telephone after he sent them written correspondence telling them to stop calling.

## COUNT II
## **DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA**

21. A debt collector violates § 1692c(a)(1) if without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it contacts a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of

- 3 -

circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

22. Defendant violated § 1692c(a)(1) when it contacted Plaintiff at inconvenient times, such as before 8:00am and after 9:00pm.

WHEREFORE, Plaintiff, MICHAEL MOSCATO, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHAEL MOSCATO, demands a jury trial in this case.

| | |
|---|---|
| | RESPECTFULLY SUBMITTED, |
| DATED: February 28, 2018 | KIMMEL & SILVERMAN, P.C. |
| | By: /s/ Amy L. B. Ginsburg |
| | Amy L. B. Ginsburg |
| | 30 E Butler Pike |
| | Ambler, PA 19002 |
| | Phone: (215) 540-8888 |
| | Fax: (877) 788-2864 |
| | Email: teamkimmel@creditlaw.com |